# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WALTER F. TODD, | : | |
| Debtor/Appellant, | : | |
| v. | : | 5:05-CV-14 (CAR) |
| CAROL TODD, | : | |
| Plaintiff/Appellee. | : | |

## *ORDER ON APPEAL*

Before the Court is an appeal from the decision of the United States Bankruptcy Court for the Middle District of Georgia, Macon Division, finding that Debtor/Appellant's obligation owed to Plaintiff/Appellee for their home equity line of credit is in the "nature of support" and thus non-dischargeable. [Doc. 1]. In his appeal brief, Debtor/Appellant contends that the Bankruptcy Court erred in concluding that the obligation is in the "nature of support" as that term is used in 11 U.S.C. § 523 (a)(5) and in finding that the debt is non-dischargeable. [Doc. 6]. Plaintiff/Appellee filed a Response Brief [Doc. 9], and Debtor/Appellant filed a Reply Brief. [Doc. 11].

Having considered the record, the briefs filed by both parties, and the relevant case law, the Court agrees with the Bankruptcy Court's decision. This Court holds that: (1) Debtor/Appellant's obligation to pay Plaintiff/Appellee for their home equity line of credit is in the nature of support, and thus, (2) non-dischargeable in Debtor/Appellant's bankruptcy proceeding. Therefore, the decision of the Bankruptcy Court is **HEREBY**

**AFFIRMED**, and Debtor/Appellant remains obligated to Plaintiff/Appellee for payment of the promissory note executed for their home equity line of credit.

## BACKGROUND

The following is a recitation of the facts as provided by the order of the Bankruptcy Court and the transcript of the hearing held before the Bankruptcy Court on November 17, 2004. [Doc. 8 in brown folder, transcript]. Debtor/Appellant and Plaintiff/Appellee were married to one another in 1991. Two children were born in the marriage who were minors at the time the parties decided to divorce. During their divorce process, the parties entered into a Separation Agreement, which was incorporated into the divorce decree by specific reference. The parties' divorce was made final by Order of the Troup Superior Court on August 15, 2003.

The Separation Agreement provided for property division, child support, and a division of the marital debts. In "Section III. Equitable Division of Marital Property" of the Agreement, it was agreed that Plaintiff/Appellee would get the marital residence and all equity in the residence (about $40,000 in equity), the 2002 Honda CRV, the majority of the household goods and furnishings, and their time share. The Debtor/Appellant also agreed in subparagraph (c) of this section to be responsible for paying a line of credit on the equity in the marital residence due to the Bank of America. Debtor/Appellant executed a promissory note obligating himself to pay Plaintiff/Appellee $21,774 by way of $341 in monthly payments. This paragraph of the Agreement specifically stated that the payment of this note was in the nature of support and was not dischargeable in bankruptcy.

Also, the Agreement contained provisions for the payment of $600.00 a month in child support by Debtor/Appellant to Plaintiff/Appellee for the support, care, and maintenance of the two minor children of the marriage who were in the primary physical custody of Plaintiff/Appellee. This amount is within the guidelines for support of two children as set forth in O.C.G.A. § 19-6-15. The Agreement set forth conditions for Debtor/Appellant to split unreimbursed medical expenses for the children with Plaintiff/Appellee and also that Debtor/Appellant would provide $100,000 in life insurance for the benefit of the children while they were still minors. The remaining debts of the parties were divided according to "Section IV. Equitable Division of Marital Debt," and various amounts were assumed by each party. "Section VI. Alimony" stated that neither party would pay alimony to the other party and that the parties were waiving the right to spousal support from the other party.

A little over six months after the divorce was finalized, on March 2, 2004, Debtor/Appellant filed for Chapter 7 Bankruptcy protection. Plaintiff/Appellee filed an adversary proceeding in Debtor/Appellant's bankruptcy proceeding on June 7, 2004 seeking a determination that the obligation of Debtor/Appellant to Plaintiff/Appellee was in the nature of support and non-dischargeable. The Bankruptcy Court held a hearing on the merits of this issue and determined that the obligation was in the nature of support and thus was non-dischargeable. On November 17, 2004, the Bankruptcy Court entered an order stating the same. [Doc. 8, brown folder]. Appellant filed his notice of appeal on November 23, 2004 with the Bankruptcy Court, and it was filed with the United States District Court

for the Middle District of Georgia on January 11, 2005. [Doc. 1]. It is this appeal that is presently before the Court for decision.

## STANDARD OF REVIEW

This Court will accept a bankruptcy court's findings of fact unless those findings are clearly erroneous. See Fed. Bankr. R. 8013; In re Sublett, 895 F.2d 1381, 1383 (11th Cir. 1990); In re Club Assocs., 951 F.2d 1233, 1228 (11th Cir. 1992). A district court is not authorized to make independent findings of fact. See id. at 1384. Moreover, if a bankruptcy court's findings are "silent or ambiguous as to an outcome determinative factual question," remand to the bankruptcy court is required. Id. (quoting Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987) (internal quotes omitted)).

In contrast, conclusions of law, including a bankruptcy court's interpretation and application of the Bankruptcy Code, are reviewed *de novo.* See In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990). As such, this Court is not required to give any deference to a bankruptcy court's interpretation of law or its application of the law to the facts. Goerg v. Parungao, 930 F.2d 1563, 1566 (11th Cir. 1991).

## DISCUSSION

### I.    Law on Determining Whether a Debt is in the "Nature of Support"

Generally, bankruptcy allows debtors to have certain debts discharged according to an ability to pay. But 11 U.S.C. § 523 provides exceptions to such discharge. Specifically, § (a)(5) provides that the bankruptcy code does not discharge an individual debtor from any

debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record.  The question of dischargeability in this instance turns on whether a given debt is in the nature of support, and this is determined by federal law with additional guidance provided by state law.  In re Strickland, 90 F. 3d 444, 446 (11th Cir. 1996).

The Court is obligated "to determine nothing more than whether the support label [on the debt] accurately reflects that the obligation at issue is 'actually in the nature of alimony, maintenance, or support.'  The statutory language suggests a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support."  Id. (citing In re Harrell, 754 F.2d 902, 906 (11th Cir. 1985)).  In making this simple inquiry, the courts are required to go beyond the label of a debt to determine whether it was indeed intended by the parties to be in the nature of support. Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001).  "[T]he touchstone for dischargeability under § 523(a)(5) is the intent of the parties." Id. at 1166.

### II.     Application of Law to Current Facts

First of all, the reason for this simple inquiry into the nature of the obligation is that "[a]s other courts have recognized, 'it is likely that neither the parties nor the divorce court contemplated the effect of a subsequent bankruptcy when the obligation arose.'" Cummings, 244 F. 3d at 1265.  Here, the parties likely anticipated some bankruptcy proceeding in the future because they specifically worded the Separation Agreement, which was incorporated into their divorce decree, to say that the home equity line of credit

payment obligation via the promissory note was in the nature of support and was not dischargeable in bankruptcy. It cannot be much clearer what the intent of the parties was as to this obligation.

Secondly, Debtor/Appellant argues that his financial circumstances were less stable than Plaintiff/Appellee's and that she did not need this payment as support. That argument is irrelevant to this simple inquiry into the nature of the obligation. The Eleventh Circuit has held that there is

> no necessity for a precise investigation of the spouse's circumstances to determine the appropriate level of need or support. It will not be relevant that the circumstances of the parties may have changed, e.g., the spouse's need may have been reduced at the time the Chapter VII petition is filed. Thus, limited to its proper role, the bankruptcy court will not duplicate the functions of state domestic relations courts, and its rulings will impinge on state domestic relations issues in the most limited manner possible. In re Harrell, 754 F.2d 902, 907 (11th Cir.1985).

Based on a *de novo* review of this very clear case law applied by the Bankruptcy Court to the facts found by that court, this Court finds that the Bankruptcy Court's determination that Debtor/Appellant's promissory note obligation was in the nature of support and thus non-dischargeable was correct.

## CONCLUSION

This Court finds the facts of this case and the circumstances of Debtor/Appellant to be unfortunate. However, the law which has been clearly established and set forth by the Eleventh Circuit does not come down on the side of Debtor/Appellant. This Court does not deem any of the facts found by the lower court to be clearly erroneous and therefore does

not disturb the findings of fact. This Court, having reviewed the applicable law and the arguments of the parties, agrees with the lower court's conclusions of law and the application thereof. Accordingly, the Court **HEREBY ORDERS** that the decision of the Bankruptcy Court is **AFFIRMED** and Debtor/Appellant remains obligated to pay Plaintiff/Appellee the remaining balance of the promissory note for their home equity line of credit.

**SO ORDERED**, this 26th day of April, 2005.

<u>s/ C. ASHLEY ROYAL</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LTH/jec